# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **MONIQUE LASHAY WILSON** ) | |
| **CHARLESTON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Civil Action Number |
| **JENNIFER PARKER AYERS,** ) | **5:13-cv-1716-AKK** |
| **ALABAMA A&M UNIVERSITY** ) | |
| **BOARD OF TRUSTEES, et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Monique Lashay Wilson Charleston filed this lawsuit, pursuant to 42 U.S.C. §§1983,[1] against Alabama A&M University Board of Trustees ("AAMU"), and against University employees Jennifer Parker-Ayers, Cassandra Tarver-Ross, Marshall P. Chimwedzi, Leslie Shelor, Mary Elizabeth

---

[1] Plaintiff actually alleges a "violation of [her] civil rights," under "42 U.S.C. § 1983 and 28 U.S.C. § 1343." Doc. 3 at 2. Section 1343 gives "district courts . . . original jurisdiction of any civil action authorized by law to be commenced by any person" to recover for damages sustained in violation of rights outlined in 42 U.S.C. § 1985, or "to redress the deprivation . . . of any right . . . secured by the Constitution of the United states or by any Act of Congress . . . ." 28 U.S.C. 1343(a)(1)-(3). However, because Plaintiff has not pleaded any facts that support a violation of § 1985, *see* docs. 1 & 3, presumably, Plaintiff is proceeding under the section that provides this court jurisdiction over claims for any rights secured by the Constitution or a federal law. In other words, to the extent Plaintiff intended to raise a separate claim under 28 U.S.C. § 1343, that claim is similar to her § 1983 claim.

Whitworth, and Michael Keith Johnson (collectively, "individual Defendants"). Docs. 1, 3. Defendants moved to dismiss, or, alternatively, for a more definite statement and to strike portions of Plaintiff's response. Docs. 7, 13. The motions are briefed and ripe for resolution. Docs. 12, 13, 14. For the reasons stated below, the motion to dismiss is due to be **GRANTED**, rendering the motion to strike **MOOT**.

## I.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id. See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

On a motion to dismiss under Rule 12(b)(6), the court accepts all factual allegations as true. *See, e.g., Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Iqbal*, 129 S. Ct. at 1950.

## II.  ANALYSIS

The court has reviewed Plaintiff's complaint and amended complaint to ascertain whether she raises the deprivation of a federally protected right since

§ 1983 does not itself create a federal right "but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Doe v. Metro Police Dep't*, 445 F.3d 460, 467 (D.C. Cir. 2006).  As alleged violations of her federal rights, Plaintiff lists the following:  (1) failure to provide a "form needed;" (2) "defamation of character;" (3) "bodily harm with malicious intent to confine to a mental institution;" (4) "HR failure to provide proper forms for referral for evaluation at an approved facility;" (5) "failure to provide truthful and correct information to EEOC about medical records and referrals;" (6) "discrimanation [sic] in pursuit of work and privacy in accordance with HIPAA;" and (7) "none [sic] disclosure of work prevention (i.e. no records of medical leave or status." Doc. 3 at 7.  Unfortunately for Plaintiff, except for the alleged discrimination, none of the conduct she alleges Defendants engaged in rises to a cognizable right secured by the Constitution or an Act of Congress.  As such, Plaintiff has failed to state a cognizable claim with respect to these contentions.

     Moreover, even Plaintiff's contention that Defendants discriminated against her "in pursuit of work and privacy in accordance with HIPPA," docs. 1 at 3; 3 at 7, also fails to state a cognizable claim under federal law.  The court recognizes that *pro se* pleadings are subject to "less stringent standards" and should be

liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Still, a liberal reading of Plaintiff's complaint, or allowing Plaintiff to amend for that matter, would not save Plaintiff's claims because Defendants have immunity. As best as the court can discern from Plaintiff's pleadings, the alleged discrimination stems from AAMU's insistence that Plaintiff submit a statement from her doctor opining that she is fit to return to work. Doc. 12 at 2. While Plaintiff may think this request is unreasonable, there is nothing under federal law that precludes AAMU from making such a request in light of the circumstances here. In any event, under the Eleventh Amendment, "[t]he judicial power of the United States shall not be construed to extend to any suit . . . against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. CONST. amend. XI. The Supreme Court has additionally held "that an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens." *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990), citing *Hans v. Louisiana*, 134 U.S. 1 (1890). Accordingly, absent an express waiver, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id*. (internal quotation marks and citation omitted). Furthermore, states are not "persons" subject to liability under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). AAMU is

an instrumentality of the state and, as such, is immune from § 1983 liability. *Harden v. Adams*, 760 F.2d 1158, 1164 (11th Cir. 1985) (citation omitted); *Matthews v. Ala. A&M Univ.*, 787 So. 2d 691, 696-97 (Ala. 2000); *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (citation omitted). Therefore, AAMU's motion to dismiss the § 1983 claims is due to be granted.

Likewise, the individual Defendants are also immune from § 1983 liability because the Eleventh Amendment's immunity doctrine extends to cover a state official sued in his or her official capacity where the plaintiff seeks money damages for past conduct because such lawsuits are considered suits against the state itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Carr*, 916 F.2d at 1524, citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Therefore, to the extent the individual Defendants were acting in their official capacity "pursuant to the power [they] possessed by state authority," *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1522-23 (11th Cir. 1995) (citation omitted), and in the absence of any claim for prospective relief, the motion to dismiss the § 1983 claims against the individual Defendants is also due to be granted.

### III.  CONCLUSION

Because the case is due to be dismissed, the court **MOOTS** the motion to strike.  By separate order, the court will **GRANT** AAMU and the individual

Defendants' motion to dismiss.

Done the 21st day of February, 2014.

_____
 **ABDUL K. KALLON**
 UNITED STATES DISTRICT JUDGE